**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

JOSHUA LANE KING                                                                PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:15-CV-P185-TBR

DR. SHASTINE TANGILAG *et al* .                                      DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  The

Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the Court

for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th

Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  For the reasons

set forth below, the action will be dismissed in part and allowed to continue in part.

<u>**FACTUAL ALLEGATIONS**</u>

In his Complaint (DN1), Plaintiff brings suit against five Defendants – Dr. Shastine

Tangilag, a doctor at Kentucky State Penitentiary (KSP)[1]; Karen Vickery, a nurse at KSP;

Jennifer Whalen, KSP Health Services Administrator; Denise Burkett, Clinical Director of the

Kentucky Department of Corrections (KDOC), and Dr. Lester Lewis, Medical Director of the

KDOC.  Plaintiff sues these five Defendants in their official and individual capacities.

Plaintiff alleges that he has a painful cyst on his "belly."  He alleges that he was seen by

Dr. Tangilag on March 31, 2015, and that she ordered an "immediate ultrasound" but did not

treat his pain or order further testing.  On May 14, 2015, he saw Dr. Tangilag after filing a

formal complaint to be seen again, and she told him that he had an "abnormal cyst" and that

"malignancy could not be excluded."  Plaintiff alleges that he requested that the cyst be

---

[1] In his Complaint, Plaintiff mistakenly refers to Kentucky State Penitentiary as "Kentucky State Prison."

surgically removed and tested for cancer, and that he wrote written complaints to that effect, but that Dr. Tangilag told him that he could "write the governor" but "she was not removing or testing the cyst." Plaintiff alleges that this violates his Eighth Amendment right against cruel and unusual punishment.

Plaintiff alleges that KSP Nurse Vickery also read his ultrasound results and examined him three times. He alleges that she also failed to remove his cyst or test for malignancy and told him that "normally a cyst would be removed but because mine was on my belly it would not be removed." He also alleges that on July 29, 2015, she told him that she was ordering further testing because such had been ordered by the Health Care Grievance Committee. However, on August 12, 2015, he learned that no further testing was being ordered.

Plaintiff alleges that KSP Health Services Administrator Whalen violated his constitutional rights by failing to ensure that he received the needed medical attention requested after he filed a grievance for such.

Plaintiff alleges that KDOC Clinical Director Burkett violated his constitutional rights by allowing the above-named KSP Defendants to treat him with deliberate indifference by failing to remove his cyst and check it for cancer. Plaintiff also alleges that Burkett told the medical staff at Eastern Kentucky Correctional Complex ("EKCC") not to order further testing or surgery on his cyst but to just treat the pain.

Finally, Plaintiff alleges that KDOC Medical Director Lewis also violated his constitutional rights by overriding the "Grievance Committee" order for further testing and telling the EKCC medical staff to monitor his cyst and treat his pain with ibuprofen but "not to order further testing."

The Court construes these allegations as claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment against all five Defendants in both their official and individual capacities.  As relief, Plaintiff seeks monetary and punitive damages as well injunctive relief which includes removing his cyst and testing it for malignancy.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A. Official-Capacity Claims

Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*,

506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 U.S. App. LEXIS 4709 at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment specifically bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 U.S. App. LEXIS 19212 at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff]'s request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). Further, state defendants sued in their official capacities for monetary damages are not considered "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim).

Accordingly, because Defendants are state officials, the Court will dismiss the official-capacity claims against them for monetary damages for failure to state a claim upon which relief may be granted.

B. Individual-Capacity Claims

1. Defendants Tangilag, Vickery, Burkett, and Lewis

Plaintiff states that Defendants Tangilag, Vickery, Burkett, and Lewis denied him or ordered that he be denied medical treatment for a potentially malignant cyst. Upon screening, the Court will allow Plaintiff's § 1983 claims of deliberate indifference to a serious medical need to continue against these Defendants in their individual capacities for monetary damages and injunctive relief. In permitting these claims to go forward, the Court passes no judgment on the merit or ultimate action of the action.

2. Defendant Whalen

Plaintiff states that Defendant Whalen is the "highest legal medical authority at KSP." In his Complaint, Plaintiff seems to allege that he filed a grievance before Defendant Whalen seeking medical attention for his potentially malignant cyst and that Defendant Whalen failed to act upon receiving his grievance. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x

839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Therefore, Plaintiff's § 1983 claims against Defendant Whalen concerning the handling of his grievance will be dismissed for failure to state a claim upon which relief may be granted.

In addition, to the extent that Plaintiff seeks to bring a claim against Defendant Whalen as the "highest legal medical authority at KSP," the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872.  "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Thus, because Plaintiff has failed to allege any facts showing that Defendant Whalen directly participated in any unconstitutional conduct, the individual and official-capacity claims against her must be dismissed for failure to state a claim upon which relief may be granted.  Thus, Defendant Whalen will be dismissed from this lawsuit.

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against all five Defendants for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

 **IT IS FURTHER ORDERED** that the official and individual-capacity claims against Defendant Whalen for all relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A separate Scheduling Order will be entered to govern the continuing claims.

Date:

cc:     Plaintiff, *pro se*
         Defendants
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4413.011