UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOSHUA LANE KING                                                                                       PLAINTIFF

v.                                                                          CIVIL ACTION NO. 5:15-CV-P185-TBR

DR. SHASTINE TANGILAG *et al.*                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Lane King, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983. This matter is before the Court on a Motion for Appointment of Counsel by Plaintiff. (DN 11). In support of his motion, Plaintiff states that he is unable to afford counsel; his imprisonment greatly limits his ability to litigate; the issues involved in this case are complex and will require significant research and investigation; and he has limited knowledge of the law.

Appointment of counsel, however, is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. Moreover, Plaintiff's described circumstances which he claims necessitate the appointment of counsel are not atypical of prisoner litigants. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Furthermore, based on a review of the documents filed by Plaintiff thus far, it appears that he is logical in his arguments and familiar with the workings of the legal system and, therefore, able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (DN 11) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011