UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JOSHUA LANE KING**                                                                            **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:15-CV-P185-TBR**

**DR. SHASTINE TANGILAG** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for a preliminary injunction and temporary restraining order filed by Plaintiff Joshua Lane King (DN 62). For the following reasons, Plaintiff's motion will be denied.

Plaintiff, an inmate at Eastern Kentucky Correctional Complex (EKCC), initiated this 42 U.S.C. § 1983 civil rights action on August 17, 2015. In his complaint, he alleged that three individuals at Kentucky State Penitentiary (KSP), the institution where he was previously incarcerated, and two individuals at the Kentucky Department of Corrections (KDOC), had acted with deliberate indifference to his serious medical need. On October 29, 2015, the Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed the action to continue against four individuals for deliberate indifference to a serious medical need (DN 8). These four Defendants were served; discovery is complete; and Defendants' motions for summary judgment are currently pending before the Court.

In Plaintiff's motion for a preliminary injunction, he alleges that several non-Defendant staff members at EKCC, some named and some unnamed, have harassed him and retaliated against him for filing this action. He specifically alleges that these staff members have wrongly denied his administrative grievances; conducted harassing cell searches; confiscated his legal materials; delayed him access to legal materials while in segregation; hindered his attempts to

communicate with a "jailhouse lawyer"; and denied him due process before placing him in disciplinary segregation. As a result, Plaintiff asks the Court to issue a preliminary injunction "stopping staff at EKCC from impeding, hindering, and attempting to frustrate [Plaintiff] into not pursuing his 1983 civil claim." He also asks the Court to order EKCC staff to stop threatening and harassing him.

In determining whether injunctive relief is proper, the Court considers four factors: (1) whether plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See, e.g.,Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one because injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruos*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose*

*v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id*. (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Here, Plaintiff moves the Court to enjoin certain officials at EKCC from engaging in allegedly retaliatory and harassing conduct; however, these alleged actions have no connection to the subject matter of Plaintiff's lawsuit – deliberate indifference to a serious medical need. Thus, there is simply no basis for the issuance of a preliminary injunction. *See, e.g.*, *Devose v. Herrington*, 42 F.3d at 470 (holding no basis for a preliminary injunction where motion was based on new assertions of retaliation "entirely different from the claim raised and the relief requested in [plaintiff's] inadequate medical treatment lawsuit"); *Snelling v. Romanwoski*, No. 15-14129, 2016 U.S. Dist. LEXIS 93132, at *7 (E.D. Mich. June 16, 2016) (finding no basis for injunctive relief where preliminary injunction seeking to enjoin certain non-defendants from retaliatory conduct had no connection to the subject matter of the plaintiff's lawsuit) (report and recommendation), adopted by 2016 U.S. Dist. LEXIS 92850 (E.D. Mich. July 18, 2016); *Jackson v. Hereford*, No. 14-2982 (JRT/BRT), 2015 U.S. Dist. LEXIS 144073, at *6-9 (D. Minn. Oct. 23, 2015) (denying motions for a temporary restraining order and a preliminary injunction based on new assertions of mistreatment involving legal mail, access to materials, and other alleged retaliatory conduct that occurred long after the conduct challenged in the complaint occurred) (report and recommendation), adopted by 2015 U.S. Dist. LEXIS 144073 (D. Minn. Oct. 23, 2015); *Pullen v. Howard*, No. 2:14-cv-104, 2015 U.S. Dist. LEXIS 48285 (S.D. Ohio April 13, 2015) (denying preliminary injunction because motion was premised on new claims

and allegations of unconstitutional retaliation and conditions of confinement and because it involved new defendants who had not been served) (report and recommendation)[ *Jackson v. Welliver*, No. 3:CV-13-0641, 2014 U.S. Dist. LEXIS 24770, at *4 (M.D Pa. Feb. 26, 2014) (denying preliminary injunction seeking access to pens, a photocopier, and legal research materials because such claims were separate and distinct from those set forth in the amended complaint); *Parker v. Adu-Tutu*, No. CV 10-2747-PHX-GMS (ECV), 2011 U.S. Dist. LEXIS 92098, at *23-24 (D.C. Ariz. Aug. 17, 2011) (denying motion for injunctive relief based upon denial of legal books, legal materials, legal supplies, and access to a law library because relief sought was based "on matters lying wholly outside the issues in the suit").

In addition, it is questionable whether this Court would even have jurisdiction to grant the requested injunctive relief, since Plaintiff seeks an injunction binding officials who are not parties to this action. *See, e.g.*, *Snelling v. Romanwoski*, 2016 U.S. Dist. LEXIS 93132, at *8 (citing *Herrara v. Dept. of Corr.*, No. 5:10-CV-11215, 2011 U.S. Dist. LEXIS 98576, at *10 (E.D. Mich. July 22, 2011) (holding court lacks jurisdiction to enter an injunction binding prison officials who are not parties to the action) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction and a temporary restraining (DN 62) is **DENIED**.

In the event that Plaintiff would like to file a new action related to the allegations set forth in his motion, the **Clerk of Court is DIRECTED to send Plaintiff a 42 U.S.C. § 1983 complaint packet.**

Date:


cc:     Plaintiff, *pro se*
        Counsel of Record
4413.011